[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an assessment of property owned by the appellant in the Town of Wallingford.
Though the appeal is from the assessment on the 1994 Grand List, the figure in question evolved from the 1991 re-assessment.
At issue is an assessment after the defendant, Board of Tax Review reduced the original assessment from $515,000 to $490,000. The appellant urges the court to find the market value of the property to be $350,000.
 I
In support of its position, the appellant offered an appraisal by Valuation Services, acting through Thomas Merola, a licensed appraiser. This appraisal recited three comparable sales as the basis for the conclusion reached.
In his testimony, Mr. Merola conceded that his comparable #1 was not a very good choice and was not relied upon. He then slated that comparable #2 was not good, but #3 was significant. On cross examination, he admitted to knowing little about this transaction. The court questioned the fact that it was a purchase of a one-half interest by the Town of Wallingford.
When the defendants called their appraiser, Donald Nitz, he testified as to the nature of the property conveyed in comparable #3 and indicated the town had purchased its interest for open space. Five acres are in a wetlands area. This does not appear to be an appropriate transaction to utilize when the comparable sales approach is followed.
The court does not find that the appraisal or the accompanying evidence supports the $350,000 value proposed.
The appellant also attacked the defendants' appraiser for his alleged failure to factor into his computations the effect of zoning and enterprise zones. However, there was no evidence offered as to how these properties used as comparables would be effected by these elements and the court was left in the dark as to whether enterprise zones are involved in any of the properties.
In brief, the appellant has failed to sustain its burden of CT Page 3293 proof and the appeal is dismissed.
 II
Though the conclusion above is dispositive of this case, the court will address the defendants' claims in the event this decision is appealed.
Donald Nitz, MAI and SRA, testified for the defendants that the parcel in question was worth on the evaluation date $895,200. In his appraisal, he used comparables sales in Meriden as well as Wallingford. He was able to explain his appraisal process and testified that the appellant's acquisition of ten of the eleven acres comprising the parcel question was not an arm's length transaction. Rather, the seller was in need of cash and was unloading some of its holdings.
Mr. Nitz has appraised properties in the New Haven — Wallingford area for 30 years. His credentials are sound and his testimony was convincing.
Were it appropriate in this case*, the court would find the fair market value of this property to be $895,200. In view of the town's assessment, that figure will stand.
Anthony V. DeMayo Judge Trial Referee